# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| REGINALD WOODS,  )  )  Petitioner,  )  )  v.  )  )  C. NASH,  )  )  Respondent.  ) | Case No.: 1:19-cv-01661-MHH-JHE |

## MEMORANDUM OPINION

On January 13, 2021, the magistrate judge entered a report in which he recommended that the Court dismiss Mr. Woods's § 2241 habeas petition with prejudice. (Doc. 9). On January 26, 2021, the Court received objections from Mr. Woods. (Doc. 11).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation.").

Mr. Woods challenges the government's enforcement of an order of restitution entered against him after his September 8, 1997 conviction for bank robbery and carjacking in this district in *United States of America v. Woods*, *et al.*, Case No. 1:97-cr-00159-RDP-GMB.[1]  Mr. Woods argues that continued collection of restitution payments more than 20 years after the 1997 judgment against him is a violation of the Ex Post Facto Clause of the Constitution.  Mr. Woods contends that by statute, his restitution obligation expired 20 years after judgment was entered in his case.

Mr. Woods's constitutional challenge concerns Congress's April 24, 1996 amendment of 18 U.S.C. § 3613(b), the statute that limits the period of time in which the federal government may collect on restitution obligations.  The amendment extended the time over which the government may enforce criminal restitution orders.  The Eleventh Circuit explained the amendment in the *Rosello* case:

> Effective April 24, 1996, Congress extended the period in which criminal defendants remain liable to pay restitution. Before the amendment, the Victim Protection Act provided that an order of restitution became unenforceable "twenty years after the entry of the judgment" or when the defendant died. 18 U.S.C. § 3613(b) (1994). Before Rosello's trial, Congress passed the Mandatory Restitution Act, which amended the Victim Protection Act to provide that "liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from

---

[1] Judge Hancock sentenced Mr. Woods.  After Judge Hancock retired, the Clerk reassigned Mr. Woods's criminal case to Judge Proctor.

> imprisonment of the person ordered to pay restitution." *Id.* § 3613(b)(1996). Congress made the amendment "effective for sentencing proceedings in cases in which the defendant is convicted on or after [April 24, 1996]." Victim Restitution Act of 1995, Pub. L. No. 104–132, § 211, 110 Stat. 1214.

*United States v. Rosello*, 737 Fed. Appx. 907, 908 (11th Cir. 2018). The magistrate judge concluded that Mr. Woods could challenge the execution of the restitution order through a § 2241 habeas petition but that Mr. Woods was not entitled to relief because Congress's amendment of the Victim Restitution Act before Mr. Woods's conviction and sentencing to extend the time for payment of restitution did not violate the Ex Post Facto Clause of the United States Constitution. (Doc. 9).

Mr. Woods argues that the magistrate judge erred in concluding that the restitution order in his case, (Doc. 4-1, pp. 4, 7), was entered pursuant to the Victim and Witness Protection Act rather than the Mandatory Victim Restitution Act. (Doc. 11, pp. 1–2). Mr. Woods contends that the Mandatory Victim Restitution Act repealed the VWPA. (Doc. 11, pp. 3–4). Therefore, Mr. Woods contends, the United States should have objected to the restitution order and asked the Court to correct the language of the order. (Doc. 11, p. 5).

Mr. Woods relies heavily on two footnotes in *United States v. McNair*, 605 F.3d 1152 (11th Cir. 2010). In that case, the source of the defendant's restitution obligation was unclear. The Eleventh Circuit observed:

3

> We reject the government's argument that the district court imposed restitution under the MVRA. The PSI recommended the district court order restitution under "18 U.S.C. § 3663A(a)(1)," which is the MVRA. Although referring to the MVRA, McNair's attorney (in the sentencing hearing) cited sections in the VWPA and made arguments premised on the substance of the VWPA (§ 3663). And the district court's judgment references the "Victim & Witness Restitution Act." Although this reference used "Restitution" instead of Victim & Witness *Protection* Act, it more closely resembles the VWPA than the MVRA. The government never objected to that reference and never moved to correct it. Thus, we conclude the district court imposed restitution under the VWPA.

*United States v. McNair*, 605 F.3d 1152, 1220 n.106 (11th Cir. 2010).

> The VWPA, under which restitution is discretionary, excepts offenses in § 3663A(c), which is the MVRA, under which restitution is mandatory. We *sua sponte* note there is a potential issue of whether bribery is "an offense against property" covered by § 3663A(c) and whether the MVRA applies to bribery crimes. 18 U.S.C. § 3663A(c). Nothing herein should be read as implying the answer to that question. We review the VWPA only because that is the only thing the district court referenced in McNair's sentence.

*Id.* at 1221 n.107.

The record in Mr. Woods's criminal case reveals that the Court sentenced Mr. Woods to restitution "under the permissive general restitution statute in 18 U.S.C. § 3663 . . . ." (Doc. 9, p. 6, n.3). The restitution portion of Mr. Woods's judgment states that restitution is assessed "pursuant to the Victim and Witness Restitution Act," and the separate order of restitution begins, "Pursuant to the provisions of 18 USC § 3663, et. seq., . . . ." (Doc. 4-1, pp. 4, 7). Mr. Woods argues that the Bureau of Prisons references the MVRA in collecting restitution, but a BOP reference does

4

not change the source of Mr. Woods' restitution obligation. Unlike *McNair*, the basis for Mr. Woods's restitution is clear in the record of his criminal case.

Moreover, Mr. Woods's argument that Congress' amendment of the Victim and Witness Protection Act via the Mandatory Victim Restitution Act repealed the Victim and Witness Protection Act is incorrect. The MVRA is relevant to the discussion of Mr. Woods's § 2241 habeas petition because the MVRA, in part, amended 18 U.S.C. § 3613(b), the statute that governs the period of time over which the government may collect restitution in a variety of situations, including restitution ordered under § 3663. The MVRA amended but did not replace the Victim and Witness Protection Act.[2]

Most importantly, in *Rosello*, the Eleventh Circuit held that "the continued enforcement of [a] judgment of restitution under amended section 3613(b)" against a defendant whose crimes were committed before the amendment of § 3613(b) "does not violate the Ex Post Facto Clause" because it "merely extends the span of time in

---

[2] To the extent that Mr. Woods objects and challenges the validity of his restitution order, the objection is overruled because Mr. Woods may not challenge the validity of a restitution order in a § 2241 petition. *McCarthan v. Director of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017). Mr. Woods may challenge the validity of the restitution order only in a proceeding under 28 U.S.C. § 2255. *Id.* Because of the timing of Mr. Woods's offense conduct, the district court had to decide whether to impose restitution under § 3663 or § 3663A. The latter provision makes restitution mandatory for certain crimes. The Eleventh Circuit examined the import of mandatory restitution in some cases under the Ex Post Facto Clause in *U.S. v. Siegel*, 153 F.3d 1256 (11th Cir. 1998). That issue is not before the Court in this § 2241 proceeding.

which [the defendant's] victims can collect restitution from him," rather than increasing his sentence. 737 Fed. Appx. at 908. The Eleventh Circuit likened this to "the extension of the statute of limitation to prosecute a criminal charge, which we long have held does not infringe the Ex Post Facto Clause . . . ." 737 Fed. Appx. at 909 (citing *United States v. De La Mata*, 266 F.3d 1275, 1286 (11th Cir. 2001); *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998)). In his objection, Mr. Woods does not contradict this analysis.

Having considered the record in this action, the Court finds that the magistrate judge correctly found that Mr. Woods was ordered to pay restitution under 18 U.S.C. § 3663, and application of the amended version of § 3613(b) to extend the time over which the government may collect restitution payments from Mr. Woods does not violate the Ex Post Facto Clause. Accordingly, by separate order, the Court will, consistent with the magistrate judge's recommendation, dismiss Mr. Woods's §2241 petition for writ of habeas corpus.

**DONE** and **ORDERED** this May 28, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE